UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JERRY GOLD,**

    **Plaintiff,**

vs.

**DOCTORS' MEMORIAL HOSPITAL, INC.,**

    **Defendant.**
_____/

CASE NO. 4:13cv474

## COMPLAINT

Plaintiff, JERRY GOLD, hereby sues Defendant, DOCTORS' MEMORIAL HOSPITAL, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action for damages in excess of Seventy Five Thousand Dollars ($75,000.00) exclusive of costs and interests, and for prospective injunctive relief. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).

2. This is an action brought pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §§2612, 2624.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, JERRY GOLD, was employed by Defendant. Plaintiff is also a member of a protected class because he sought or attempted to seek the benefits and protections of the FMLA.

4.  At all times pertinent hereto, Defendant, DOCTORS' MEMORIAL HOSPITAL, INC., has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## STATEMENT OF THE ULTIMATE FACTS

5.  Plaintiff was initially hired by Defendant in or about September 2010 and was employed as Defendant's M.I.S. Director at the time of his termination in or about May 2013.

6.  On or about January 18, 2013, Plaintiff's treating physicians recommended that Plaintiff immediately cease working with Defendant and begin a period of FMLA designated leave. Thereto, one of Plaintiff's physicians, who was also an employee of Defendant, provided medical documentation of Plaintiff's need for a medical absence directly to Defendant's Human Resource representative.

7.  During the period that Plaintiff was on FMLA leave, Defendant's CEO, Geri Forbes, accessed Plaintiff's medical records maintained by Defendant, despite lacking any medically necessary reason to do so because she is not a physician. Moreover, Forbes also attempted to speak directly with Plaintiff's physicians to determine his status and to interfere with his medical diagnosis and treatment.

8.  Plaintiff was absent on April 17, 2013 directly related to his medical condition and need for treatment and Defendant was aware of the reason Plaintiff was absent.

9.  Plaintiff returned to employment on or about May 18, 2013. Thereafter, Defendant, through Forbes, began to assign Plaintiff's duties and responsibilities to other employees.

10. Thereafter, Plaintiff was terminated from employment on or about May 22, 2013.

11. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the applicable statutory provisions cited herein.

## COUNT I

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

12. Paragraphs 1 through 11 are hereby realleged and reincorporated as if set forth in full herein.

13. This is an action against Defendant for interfering with Plaintiff's leave under the FMLA and/or for retaliating against him for taking leave.

14. Plaintiff worked for Defendant for more than one year and for more than 1,250 hours prior to requesting leave. Defendant also employs more than 50 employees and is subject to the FMLA. Plaintiff's rights to leave were violated under the FMLA. Additionally, Defendant harassed Plaintiff and took adverse personnel actions for taking leave.

15. Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after requesting and/or seeking leave.

16. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as other tangible damages. These damages have occurred in the past, are occurring at present and will continue in the future.

17. Defendant's violations of the FMLA were willful.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) An injunction restraining continuing violations of the laws;

(b) Reinstatement to the same position that Plaintiff held before the retaliatory personnel actions or to an equivalent position;

(c) Reinstatement of full fringe benefits and seniority rights, to the extent such were available to Plaintiff;

(d) Compensation for loss wages, benefits, and other remuneration;

(e) Damages as allowed by law including liquidated damages;

(f) Attorney's fees, costs and cost of this action, and

(g) Any other relief deemed just and proper under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 26th day of August 2013.

Respectfully submitted,

  /s/ Marie A. Mattox
Marie A. Mattox; FBN 0739685
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:  (850) 383-4801

ATTORNEYS FOR PLAINTIFF